UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cr-00169-TWP-MJD |
| | ) |
| COREY BUSSELL, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
AND GRANTING DEFENDANT'S MOTION *IN LIMINE***

This matter is before the Court on a Motion to Suppress Evidence (Filing No. 79) and First Motion *in Limine* (Filing No. 85) filed by defendant Corey Bussell ("Bussell"). This criminal case is set for a jury trial on **April 17, 2023, at 9:00 a.m.** in the Indianapolis Courthouse. Bussell is charged with Count One: Possession with Intent to Distribute Controlled Substances, to include 40 grams or more of Fentanyl, a Schedule II Controlled Substance, in violation of 18 U.S.C. § 841(a)(1) and Count Two: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), (Filing No. 12). Bussell argues his post-*Miranda*[1] statements (made on May 13, 2021) to law enforcement officers should be suppressed, (Filing No. 80). The plaintiff, United States of America (the "Government")[2], responded to both Motions, (Filing No. 92; Filing No. 102). Bussell also seeks to exclude certain evidence at trial. (Filing No. 85.) For the reasons set forth below, the

---

[1] Under *Miranda v. Arizona*, a suspect interrogated by law enforcement officers while in custody must be notified of his constitutional rights to counsel and against self-incrimination. 384 U.S. 436 (1966).

[2] The Government filed a document titled "Notice of Intent to Offer Evidence at Trial and Motion *in Limine*" (Filing No. 94). Bussell has not filed a written response to this Motion and, as such, the parties should be prepared to address this Motion during the Final Pre-trial Conference scheduled for 9:00 a.m., Thursday, March 23, 2023.

Court **grants** Defendant's First Motion *in Limine* and **denies** Defendant's Motion to Suppress Evidence.

## I. FACTUAL BACKGROUND

The following facts come from the Criminal Complaint, (Filing No. 2), and the parties' briefs (Filing No. 80; Filing No. 92; Filing No. 102). These documents are treated as undisputed unless otherwise noted. *See United States v. Juarez*, 454 F.3d 717, 719–20 (7th Cir. 2006) (finding no evidentiary hearing required on motion to suppress unless defendant "provide[s] sufficient information to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion"); *United States v. Clark*, 935 F.3d 558, 568 (7th Cir. 2019) ("[T]he burden is on the defendant to support his motion to suppress."). Here, Bussell has not requested an evidentiary hearing and the Court does not deem one necessary.

### A. The May 8, 2021 Incident

On May 13, 2021, Indianapolis Metropolitan Police Department ("IMPD") officers were assigned to investigate a report of shots fired near Bussell's residence located on Guilford Avenue, Indianapolis, Indiana (the "Property") (Filing No. 2 at 1). The Government alleges that on May 8, 2021, in an effort to get his wife's friend to leave their home, Bussell brandished a weapon at the friend and later fired warning shots in her vicinity while she was still on the Property. The friend got scared, left the Property and later reported Bussell to IMPD. *Id*. at 3-4. After responding to the Property, IMPD recovered "one spent shell casing, a 9mm Lugar, approximately five feet north of the outside porch steps" of the Property. *Id*. at 4. In conjunction with its investigation, IMPD would later learn that Bussell was a convicted felon prohibited from possessing any firearms. *Id*.

### B. Execution of Search Warrants

2

Thereafter, on May 13, 2021, Detective Tiffany Rand ("Detective Rand") obtained a search warrant to search both Bussell's person and the Property. *Id*. After observing Bussell leave the Property in a vehicle (the "Vehicle"), law enforcement followed and stopped him to execute one of the search warrants. *Id*. After conducting an inventory search of the Vehicle, IMPD recovered "a fully loaded 9 millimeter Glock 17 handgun with an extended magazine inserted, tucked in between the center console and the driver's seat." *Id*. at 5. IMPD took Bussell into custody, and returned with him to the Property "to execute the search warrant there." (Filing No. 92 at 3.) The search of the Property resulted in IMPD recovering a backpack that contained "suspected fentanyl, marijuana, and cocaine, along with suspected packaging material, suspected cutting agent, and digital scale." (Filing No. 2 at 5.)

**C.     Bussell's Post-*Miranda* Statements**

While at the Property, Detective Rand informed Bussell of his *Miranda* rights (Filing No. 92 at 4).[3] Then, agent Todd Bevington ("Agent Bevington"), in conjunction with Detectives Rand and William Wogan ("Detective Wogan"), conducted a custodial interview of Bussell which lasted for approximately forty-two minutes.[4] On three separate instances during the forty-two minutes interview with law enforcement, Bussell asserts that he invoked his right to remain silent by stating: (1) "I don't want to answer anymore [sic] questions right now"; (2) "I am not trying to incriminate myself"; and (3) "I don't want to incriminate myself." (Filing No. 80 at 1-2.) However, for most of the interview Bussell would engage with law enforcement by being responsive to their questions and by asking questions of his own (Filing No. 92-1 at 1-44). Immediately after making

---

[3] The Government manually filed the audio recording of Bussell's *Miranda* rights waiver.

[4] Bussell manually filed a thumb drive with the audio recording of the custodial interview. *See* Filing No. 81. The Court will cite to portions of the audio recording in the 'Discussion' section of this Order as (Filing No. 81 at 00:00). The Government filed the transcript of the audio recording. *See* Filing No. 92-1.

the alleged invocations, Bussell asked questions regarding his potential sentence, clarifying the record regarding his prior convictions, and inquiring into the types of drugs recovered and into whether he would be charged with state or federal crimes. *Id*. Ultimately, Bussell admitted that the recovered backpack did not belong to his wife but was his. *Id*. at 38.

## II. LEGAL STANDARD

### A. Motion *In Limine*

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Judges have broad discretion when ruling on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, evidence may be excluded on a motion *in limine* only when the evidence is inadmissible on all potential grounds. *Townsend v. Benya*, 287 F.Supp.2d 868, 872 (N.D. Ill. 2003). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). Thus, the party moving to exclude evidence *in limine* has the burden of establishing that the evidence is not admissible for any purpose. *Robenhorst v. Dematic Corp.*, 2008 WL 1821519, at *3 (N.D. Ill. Apr. 22, 2008).

### B. Motion to Suppress Evidence

The Fifth Amendment guarantees that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. Under *Miranda*, the government may not use in a prosecution any "statements" that "stemm[ed] from custodial interrogation of the defendant" unless the government has first given the familiar *Miranda* warnings and the defendant

4

has voluntarily waived his rights. 384 U.S. at 444–45. This warning requirement is obtained when the defendant is interrogated while in custody. *Id*. On a motion to suppress, a "defendant who seeks to suppress evidence bears the ultimate burden of proof and persuasion in making a prima facie showing of illegality." *United States v. Barrera-Martinez*, 274 F. Supp. 2d 950, 955 (N.D. Ill. 2003); *United States v. Zambrano, No. 1:20-CR-00049*, 2021 WL 3709194, at *5 (N.D. Ill. Aug. 21, 2021) ("It is a well-established rule that the burden is on the movant to make specific factual allegations of illegality, to produce evidence and persuade the court that the evidence should be suppressed.") (quoting *United States v. Madison*, 689 F.2d 1300, 1308 (7th Cir. 1982)).

### III.   DISCUSSION

Bussell petitioned the Court to exclude several categories of evidence from trial that he argues are inadmissible. Bussell also asks the Court to suppress his post-*Miranda* statements (made on May 13, 2021) to law enforcement officers. The Government responded to both Motions and the Court addresses the parties' arguments in turn.

**A.   Defendant's Motion *in Limine***

   **1.   Propensity Evidence**

Bussell asks the Court to preclude the Government from introducing evidence of "allegations, facts, circumstances, investigation and results that imply Defendant has a bad character and therefore is guilty of the crimes charged." (Filing No. 85 at 1.)[5] Bussell does not dispute that he "has previously been convicted of Robbery, possession of cocaine, and/or Unlawful Possession of a firearm…." *Id*. at 2. Bussell also has two pending cases: "Dealing in Marijuana

---

[5] Under Rule 404(b), relevant evidence of a crime, wrong, or other act is inadmissible if the proponent offers the evidence to show a person's propensity to act a certain way. Fed. R. Evid. 404(b). Regardless, the district court may admit other-act evidence if the evidence is offered for "another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*.

with a Prior Drug Conviction in Hamilton County, PSR ¶ 38, and a Driving While Suspended with a Prior in Marion County, PSR ¶37." (Filing No. 102 at 1, n. 1.)  In response, the Government maintains that they will not "introduce evidence of prior convictions, or other bad acts/specific acts of misconduct in its case-in-chief." (Filing No. 102 at 2.)  To that end, the Court **grants** Defendant's Motion *in Limine* number 1.

### 2.     Prior Felony Convictions

As discussed above, Bussell has several felony convictions (Filing No. 2). Bussell "has agreed to stipulate that he was a convicted felon at the time of his arrest" and agrees to "allow the Government to introduce to the jury that he has been convicted of a felony on multiple occasions….". (Filing No. 85 at 1-2).  Bussell, however, asks the Court to limit the Government from eliciting testimony or discussing the "nature of those convictions in front of the jury." *Id*. at 2.  Bussell claims such evidence would be "prejudicial with very little probative value given the allegations in this case." *Id*.[6]  In response, the Government contends that "[a]ssuming that undersigned counsel's reading is correct that this permits the United States to cross-examine Bussell with the fact that on three separate occasions, he sustained separate felony convictions, the United States does not oppose this motion." (Filing No. 102 at 2.) The Court reads the Defendant's Motion *in Limine* number 2 in line with the Government's assumption. The Government may reference and question the Defendant as to the number of felony convictions but shall not reference or elicit testimony regarding the nature of those crimes.  To that end, the Court **grants** Defendant's Motion *in Limine* number 2.

### 3.     Probable Cause Evidence and Hearsay

---

[6] Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403; *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012).

Bussell argues the Court should exclude any allegations that provided probable cause for the search of the Property and search of the Vehicle driven by him (Filing No. 85 at 2). Bussell also contends that any statements allegedly made to law enforcement by either Jaylynn Dorsey or Stacia Jones should be precluded as hearsay evidence under Rule 801 because it would violate Bussell's Sixth Amendment right to confront those witnesses. *Id*. The Government claims that "the United States does not intend to introduce evidence of the May 8, 2021[,] crime in its case-in-chief. Moreover, it does not intend to introduce the hearsay statements of either the mother of Bussell's child or her friend in its case-in-chief." (Filing No. 102 at 3.) To that end, the Court **grants** Defendant's Motion *in Limine* number 3.

B. <u>**Defendant's Motion to Suppress**</u>

After advising Bussell of his rights, in full compliance with *Miranda*, Agent Bevington along with Detectives Rand and Wogan conducted an interview of Bussell for approximately forty-two minutes at the Property (Filing No. 81; Filing No. 92-2). Bussell contends that he invoked his right to remain silent throughout his custodial interview with law enforcement, but they ignored him and, as such, his post-*Miranda* statements should be excluded (Filing No. 80). Bussell points to three instances in his forty-two minutes interview with law enforcement where he tells them: (1) "I don't want to answer anymore [sic] questions right now"; (2) "I am not trying to incriminate myself"; and (3) "I don't want to incriminate myself." *Id*. at 1-2. Bussell argues that his "multiple attempts to terminate the questioning by law enforcement agents was [sic] an unequivocal attempt to the exercise his 5th Amendment rights." *Id*. at 2. The Government responds that Bussell's post-*Miranda* statements should not be excluded because "when viewed in context, his invocation of his right to silence was far from clear and unequivocal." (Filing No. 92.) The Court agrees with the Government.

7

The rule of *Miranda* requires exclusion from evidence of any statements made by a suspect during a custodial interrogation unless the suspect was informed of, and waived, specified constitutional rights. *See, e.g., United States v. Podhorn*, 549 F.3d 552 (7th Cir. 2008). When invoking the right to remain silent, a suspect must do so unambiguously. *Berghuis v. Thompkins*, 560 U.S. 370, 381 (2010). "The inquiry into whether a person has actually invoked the right to remain silent is an objective one." *United States v. Stewart*, 902 F.3d 664, 678 (7th Cir. 2018) (citing *Davis v. United States*, 512 U.S. 452, 458-59 (1994)). "An ambiguous or equivocal reference that causes a reasonable officer to understand only that the suspect 'might be invoking the right' to remain silent is not enough to require the cessation of questioning." *Stewart*, 902 F.3d at 678 (quoting *Davis*, 512 U.S. at 459); *see also United States v. Sherrod*, 445 F.3d 980 (7th Cir. 2006) (finding a suspect's statement that he was "not going to talk about nothin" did not invoke the right to remain silent). It is well established that a suspect's refusal to answer certain questions during an interrogation does not necessarily constitute an invocation of the right to remain silent. *United States v. Jumper*, 497 F.3d 699, 705-06 (7th Cir.2007).

Here, based on the interview recording, Bussell did not unequivocally invoke his right to remain silent. Bussell initially answered about four full minutes' worth of questions posed by law enforcement, before telling them, "I don't wanna answer no more questions right now…."[7] (Filing No. 92-1 at 6.) Agent Bevington responded "Well, this is gonna be a big day for you, okay?"[8] *Id*. Immediately after, Bussell states, "I just ain't trying to … incriminate myself."[9] *Id*. Detective Rand then left the room for approximately thirty seconds to obtain Bussell's file and after she returned the officers engaged in a conversation amongst themselves in Bussell's presence. Bussell

---

[7] Filing No. 81 at 03:58.
[8] *Id*. at 04:00.
[9] *Id*. at 04:14.

then proceeded to re-engage by stating "Yeah, detective, what's all my charges? Be straight up."[10] *Id*. at 7. The conversation between law enforcement and Bussell continued for approximately seven minutes until Bussell would state "I don't wanna incriminate myself."[11] *Id*. at 12. However, throughout the seven minute conversation with law enforcement, Bussell would answer questions about his prior arrests, clarify his arrest records, ask questions about the current case, including discussing the types of drugs recovered, and inquire into whether his charges would [be] state or federal.[12] *Id*. at 7-12. He asked that law enforcement officers: "Just be real with me"[13] *Id*. at 8. He explained, "I just want -- know what I'm saying? So I can get ready to -- shit, you know, get ready."[14] *Id*. at 9.

The Court notes that Bussell's supposed invocations were aimed at specific questions and, as such, does not constitute an invocation of the right to remain silent, especially considering that he would immediately either respond to questions or ask questions of his own. After Bussell's last supposed invocation, the conversation between him and law enforcement continued for approximately thirty minutes until the interview concluded. Based on Bussell's conduct and discourse with law enforcement, the Court is not persuaded that Bussell unambiguously invoked his Fifth Amendment right to remain silent at any stage of the interview. Bussell has failed to carry his burden and, as such, the Court **denies** his Motion to Suppress his post-*Miranda* statements.

---

[10] *Id*. at 04:52.
[11] *Id*. at 11:19.
[12] *Id*. at 07:00-11:19.
[13] *Id*. at 06:54.
[14] *Id*. at 06:56.

## IV. CONCLUSION

For the reasons explained above the Court **DENIES** Defendant's Motion to Suppress Evidence (Filing No. 79).

In addition, for the reasons explained above the Court **GRANTS** Defendant's First Motion *in Limine* (Filing No. 85). An order *in limine* is not a final, appealable order. If a party believes that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 3/22/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles C. Hayes
HAYES RUEMMELE LLC
charles@chjrlaw.com

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov